Paul A. BILZERIAN, Appellant,

v.

SHINWA COMPANY LIMITED, Appellee.

No. 95–224–Civ–T–17E.

United States District Court,
M.D. Florida,
Tampa Division.

July 19, 1995.

Paul A. Bilzerian, Tampa, FL, pro se.

Steven M. Berman, Salem, Saxon & Nielsen, P.A., Tampa, FL, for appellee.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from the September 28, 1994 Order Denying Shinwa's Motion to Intervene as Moot; from the November 2, 1994 Order Denying Reconsideration of the September 28, 1994 Order, and from a Final Order of Dismissal entered November 28, 1994 by Chief Bankruptcy Judge Alexander L. Paskay. Jurisdiction over appeals from the final judgments, orders and decrees of the Bankruptcy Court is vested in the Federal District courts. 28 U.S.C. § 158(a).

The primary issue presented for this Court's review is whether the Bankruptcy

Court erred in issuing a Court Order denying a Motion to Intervene as moot. The Order was prepared by a party to a multilateral agreement reached at the previous hearing on the constituent issues, in the Bankruptcy Court. This Court will also determine whether the Bankruptcy Court erred in denying a Motion for Reconsideration or Rehearing of the Motion Denying Motion to Intervene as Moot. The Appellant alleges that the September 28 Order Denying Motion to Intervene as Moot, entered by Judge Paskay, is invalid because it was drafted by one of the parties to this appeal, Shinwa Company Limited f/k/a Semi–Tech Microelectronics ("Shinwa"). Mr. Bilzerian alleges that this order is an *ex parte* misrepresentation of facts agreed to by the parties a Hearing on June 23rd, 1994 ("June Hearing") (Adversary 92–502). Hence, he alleges that the Bankruptcy Court erred in granting it, and, subsequently, the order denying its reconsideration.

### STANDARD OF APPELLATE REVIEW

The District Court is bound by the findings of fact made by the Bankruptcy court unless it determines them clearly erroneous. The burden is on the appellant to show that the Bankruptcy Court's factual findings are clearly erroneous. Federal Rules of Bankruptcy Procedure, Rule 8013; *In re Downtown Properties, Ltd.*, 794 F.2d 647 (11th Cir.1986); *In re Southmark Corp.*, 55 F.3d 1071 (5th Cir.1995). Appellant is entitled to an independent, *de novo* review of all conclusions of law and the legal significance accorded to the facts. *In re Owen*, 86 B.R. 691 (M.D.Fla.1988), fact. Determinations by the Court involving mixed questions of law and fact are reviewed *de novo*. *In re Southmark Corp.* at 1074.

### FACTS

On July 27th, 1992, Judge Baynes, in Judge Paskay's absence from the Bankruptcy Court, entered an order appointing James Orr, Trustee, as general partner of Bilzerian Limited Partners I ("BPLP–1"), a non-debtor entity. This Partner Substitution Order granted the Trustee's Motion for Preliminary Injunction, confirming that the Trustee, and not Bilzerian, could act as general partner of BPLP–I. Orr subsequently represented BPLP–I at hearings on August 19th and 20th, 1993, to object to Bicoastal Acquisition Corporation f/k/a The Singer Company Plan of Reorganization (Plan), which also incorporated the procedure for settlement of compromises between Bicoastal Acquisition Corporation ("Bicoastal") and the other parties to the bankruptcy proceedings. BPLP–1's link to Bicoastal was that of sole shareholder of Bicoastal. At the August 27th, 1992, hearing to confirm the Bicoastal Plan, Orr negotiated a modification to the plan which was accepted by the parties present. Orr then cast a vote to confirm the modified Plan, having withdrawn his previous objection. The Plan was confirmed by a Confirmation Order issued by the Bankruptcy Court on August 27th, 1992. Then, pursuant to the Plan, Shinwa and other parties to the bankruptcy proceedings reached a 93.8 million dollar settlement ("Shinwa Settlement").

On September 11, 1992, Bilzerian filed a Motion to Vacate the Partner Substitution Order, which the Bankruptcy Court denied on November 6, 1992. Bilzerian next filed a Motion to Reconsider Partner Substitution Order, on November 18, 1992, granted August 17th, 1994, and still a pending matter before the Bankruptcy Court. This Order on Motion for Reconsideration did not vacate, as Appellant claims, (Appellant Initial Brief p. 8) the Partner Substitution Order.

On April 8, 1994, the Appellant filed a Motion to Set Hearing on Motion for Reconsideration of Court's Order Denying Defendant's Motion to Vacate Order. Judge Paskay heard argument on this Motion for Reconsideration, as well as two (2) motions to Dismiss as Moot, at a hearing on June 23, 1994. Prior to the hearing, Bicoastal and Shinwa each filed a Motion to Intervene. They cited concern that Mr. Bilzerian might "somehow use" the July 27th Order to collaterally attack confirmation of Bicoastal's Plan and the Shinwa Settlement. Bilzerian and two (2) other parties appealed the Order approving the Shinwa Settlement reached August 27th, 1992. Those appeals are not before this Court.

Mr. Bilzerian is appealing before this Court a final order of Dismissal, November 28, 1994, entered by Chief Bankruptcy Judge Paskay at the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, dismissing the Adversary Proceeding, 92–502.

The Appeal before this Court, requires review of two (2) Orders: first, the Order Denying Shinwa Company Limited f/k/a Semi–Tech Microelectronics Limited's Motion to Intervene as Moot entered September 28, 1994; and second, the Order Denying Bilzerian's Motion for Reconsideration of Court's Order Denying Defendant Bilzerian's Motion to for Reconsideration of the September 28, 1994 Order, entered November 2, 1994.

### DISCUSSION

The Court reviews first the Order Denying Shinwa's Motion to Intervene as Moot.

The issues considered hereunder include the following:

1. The legal question of whether the Order represented an improper *ex parte* preparation and the applicability of Fed. Rule of Bank.P. 9003;

2. The factual question of whether the agreement of the parties at the June hearing was accurately translated in the of the Order Denying Shinwa's Motion to Intervene As Moot.

3. The legal and factual question of whether Judge Paskay properly signed the proposed Order Denying the Motion to Intervene as Moot, having evaluated the contents of it in light of the parties' stipulations at the June 23rd Hearing.

*1. Whether the Order was prepared improperly* ex parte *and as such, denied Appellant due process*

 The Eleventh Circuit Court of Appeals states the prevailing view of the federal courts when it condemns "ghost writing". *In re Dixie Broadcasting Inc.*, 871 F.2d 1023 (11th Cir.1989), *In re Colony Square*, 819 F.2d 272 (11th Cir.1987). "Ghost writing" applies to an *ex parte* order which is not the product of personal analysis and determina-

tion by the judge, but the overreaching and exaggeration of the attorney who drafted it. *In re Colony*, at 275 (*citing Louis Dreyfus et Cie. v. Panama Canal Co.*, 298 F.2d 733 (5th Cir.1962)). Due process is denied a party when a judge adopts a party's order verbatim, without previously conclusively ruling on the matters in it. Thus, a party is denied opportunity to confront the ruling contained in such an *ex parte* drafting.

The Appellant claims that the Order Denying Shinwa's Motion to Dismiss as Moot is such an *ex parte* order. In reviewing this question, the Court must consider two (2) tiers of analysis. The first involves *de novo* review of Judge Paskay's procedural actions from the time of the June Hearing to his signing of the Order.

After examining the June Hearing Record, the Court finds that Judge Paskay heard argument on Shinwa's (and Bicoastal's) Motion to Dismiss Motion to Intervene as Moot, in the presence of Mr. Bilzerian, *pro se.* Judge Paskay requested in the presence of all in attendance that Shinwa (and Bicoastal) draft on Order to confirm the matters discussed. The excerpt below shows that the request was made in open court, without objection by the Appellant, after the Judge affirmed the matters agreed upon:

Starting with page 6 of the Record:

MR. RIEDEL: A non-debtor entity. BPLP [Bilzerian Limited Partners] was the sole shareholder of Bicoastal, so that becomes our link. Pursuant to that order, [the July 27th, 1992 Order] Mr. Orr acted on behalf of BPLP, filed objections to confirmation of our plan and objections to the global settlement with Urda, the United States CAE and so forth. [sentence omitted] The confirmation hearing was August 27th. We modified the plan in connection with a settlement with BPLP that Mr. Orr negotiated, and he then cast a ballot for the plan and withdrew his objection.

Our concern in moving to intervene in this was that if that order were vacated, somehow, then Mr. Orr's ballot and his withdrawal—

[lines omitted]

THE COURT: And the motion on the calendar today is attacking that particular order? [the July 27th, 1992 Order]

MR. RIEDEL: Yes, sir. Our concern has been that somehow that might be used to cast out the ballot Mr. Orr cast for the confirmation of our plan. I am told by Mr. Bilzerian that is not the intent; that this is not any attempt to collaterally attack confirmation of Bicoastal's plan; the validity of the order confirming the plan or then under the plan. And why Mr. Berman [counsel for. . . .] is here in this matter and moved is because the plan established the procedure for the settlement of compromises. And, so, pursuant to that procedure, we then settled the Semi–Tech/Shinwa settlement for $93.8 million that again was fully heard and contested about a year ago. And Mr. Bilzerian also confirms that this is not any effort to attack that compromise.

THE COURT: **Now did you actually file a motion to intervene?**

MR. RIEDEL: Yes, sir.

THE COURT: **So that should be denied then?**

MR. RIEDEL: **As moot, in light of the representation of all parties that this will not be used in any way to collaterally attack either confirmation of the plan of Bicoastal or the settlement but without prejudice to the rights of all the parties appealing from that settlement to assert appellate rights—[sentences omitted]**

THE COURT: The comments made by Mr. Riedel, Mr. Berman, are equally applicable to you?

MR. BERMAN: Yes, Your Honor. As long as the attempt to vacate that preliminary injunction order will not have any kind of retroactive effect, which would affect either the compromise of the controversy with Shinwa or the confirmation hearing, our motion to intervene should likewise be denied as moot. [sentences omitted] And with that, we would respectfully request that you deny the motion as being moot, in light of Mr. Bilzerian's comments today.

THE COURT: **Is that all right?**

MR. BILZERIAN: **Yes, Your Honor.**

THE COURT: **All right. Give me an order on those two.**

Judge Paskay ruled on the agreement discussed in the hearing, and then requested as a matter of administrative convenience, that Shinwa draft the Order. These actions negate its characterization as "ghost-writing". The bankruptcy judge in *In re Colony Square* initiated contact with a party, phoning the party and revealing the judge's intent to rule in that party's favor. The judge then asked the prevailing party to draft an order according to express instructions as to its content. The judge reviewed and signed the order. This order did not incorporate an agreement reached in open court, witnessed by all parties, and presenting opportunity to all parties to voice opposition. Furthermore, the parties at the hearing did not know the judge would delegate the drafting of the order to one of them, which could suggest the order is improperly *ex parte*. *In re Colony Square*, 819 F.2d 272. Conversely, all parties were present at the June hearing when Judge Paskay delegated the drafting task to Shinwa.

Yet notably, the reviewing court in *In re Colony Square* found that due process had been served because: 1) the judge had already made a decision before assigning the drafting of the order to a party and 2) the judge played an active and inquiring role in a hearing involving the issues addressed in the order. *In re Colony Square* at 276. Perhaps more importantly, the judge signed the order **after reviewing it and approving its contents.**

Similarly, in *In re Dixie Broadcasting, Inc.*, the court found even less cause to vacate the bankruptcy court's order. In that case, the bankruptcy judge, like Judge Paskay, announced his intent at a hearing to have one of the parties present draft an order on the matters discussed. 871 F.2d 1023, 1030 (11th Cir.1989). Mr. Bilzerian participated in the June Hearing which led to the Order, and was afforded fair opportunity to be heard. Procedurally, then, the September 28th Order, does not qualify as improperly *ex parte*.

■ The Appellant has also founded his contention that Judge Paskay's Order is improperly *ex parte* on Federal Rule of Bankruptcy Procedure 9003. Mr. Bilzerian and Shinwa disagree as to the applicability of Federal Rule of Bankruptcy Procedure 9003. Mr. Bilzerian claims that the rule applies to the proposed order. Shinwa argues that the rule does not apply as the proposed order did not involve a "pending matter".

Rule 9003, Prohibition of Ex Parte Contacts, provides, in pertinent part:

(a) General prohibition

Except as otherwise permitted by applicable law, any examiner, any party in interest, and any attorney, accountant, or employee of a party in interest shall refrain from ex parte meetings and communications with the court concerning matters affecting a particular case or proceeding.

■ Federal Rule of Bankruptcy Procedure 9003 is designed to prevent abdication of the judge's decision-making role. Thus, matters which are not yet settled or adjudicated by the judge, unresolved matters still pending before the court, are the "matters affecting a particular case or proceeding". A party seeking determination of the issues in its favor is hence barred from "*ex parte* meetings and communications with the court" concerning pending matters. The Fifth Circuit interprets Rule 9003 as contemplating matters pending before the court. *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1164 (5th Cir.1988). Therefore, to insulate the judge's decision-making role, Rule 9003 disallows discussion *ex parte* of such matters with the judge. *Id.* The bankruptcy judge in *In re Texas Extrusion* already verbally ruled, after a hearing with all parties present, that he was confirming a plan of reorganization. *Id.* Later, the judge held discussions with the creditor's counsel regarding the case. The Order of Confirmation which ensued addressed aspects of the judge's ruling not previously known to the debtors. *Id.* at 1165. Even so, the court found that Rule 9003' prohibition of contact concerning pending matters was not implicated because discussions between the creditor and judge occurred after the judge determined and announced his ruling. *Id.* The same is true here.

■ The final procedural matter concerning the Order submitted by Shinwa concerns the issue of notice. Shinwa states that the draft of the proposed Order was "inadvertently not provided to Bilzerian" (Brief of Appellee p. 6). Without considering the reasons why Shinwa did not serve Mr. Bilzerian with the proposed order, the Court finds that act alone is insufficient to render the order improperly *ex parte*. The failure to serve the Appellant raises the possibility that Shinwa attempted to amplify the understanding between the parties at the June hearing. However, Judge Paskay signed the Order, indicating his approval of the factual recitations therein. Because this Court also finds *infra* that the stipulations in Shinwa's drafting are substantially accurate, the Court cannot find that lack of initial notice led to a ruling that denied Mr. Bilzerian opportunity to be heard. Mr. Bilzerian had opportunity at the June hearing to challenge or contribute to the agreement made in the courtroom. Finally, Judge Paskay denied the Appellant's Motion for Reconsideration of the Order Denying the Motion to Intervene as Moot, on October 3rd, 1994.

■ The second tier of analysis, to determine whether the September 26th Order is improperly *ex parte*, is primarily a factual one. The factual analysis herein is a comparison of the understanding of the parties voiced in the June hearing, to that recited in the Order Denying Shinwa's Motion to Dismiss as Moot. Hence, Judge Paskay's Order must stand unless clearly erroneous in this regard. The analysis also addressees the question of whether the Order constituted an "additional brief" by Shinwa. *In re Colony* at 276. While the Court finds the Order, as drafted by Shinwa, and signed by Judge Paskay, did not amount to an "additional brief", clarification and definition of the contents of the Order are necessary.

This Court recognizes that Mr. Bilzerian has raised a claim of deceptive litigation practice by Shinwa. Bilzerian suggests that Shinwa used the Motion to Intervene, and the Motion to Dismiss same as Moot, as a ploy to elicit a "waiver of standing" by Bilze-

rian to challenge the Settlement. (Appellant Brief p. 5–6) In review, the claim of deceptive practice is considered only indirectly in addressing the "additional brief" question. The September 28th Order would be an "additional brief" if it were so factually unrepresentative of the parties' in-court understanding of June 23rd, 1994, that it constituted an improper *ex parte* ruling; that is if Shinwa abused the drafting process to unilaterally advance its position. The Court cannot find that such abuse occurred.

2. *Whether the Record agreement is accurately incorporated in the Order Denying Shinwa's Motion to Intervene as Moot*

█ The factual dispute over the contents of the Order Denying Shinwa's Motion to Dismiss as Moot pivots on whether Mr. Bilzerian relinquished his right to "retroactively" attack the Settlement.

Mr. Bilzerian states in his Reply Brief (p. 8–9) what he contends he agreed to at the June 23rd Hearing:

> My understanding and agreement which was reached with Mr. Riedel not Mr. Berman, was that I had no intention of making a frivolous attempt to unwind a plan of reorganization which had been approved two years earlier and which included the procedure and notice provisions for settlements. **However, I had every intention of attacking the Settlement between Bicoastal and Shinwa** and one of the issues that I raised in my appeal was that, as the proper General Partner of BPLP 1 and as a preferred stockholder of Bicoastal, I had standing to object to the Settlement. Shinwa's surreptitious effort to extend my simple understanding with Mr. Riedel to an abandonment of my right to present my argument on standing on appeal is outrageous. (emphasis added)

Mr. Bilzerian likewise asserts in his Initial Brief (p. 5):

> However, prior to the Hearing on My Motion To Vacate Order, Shinwa stated that it would withdraw its Motion if I stated that I did not intend to also seek to vacate or set aside the Order confirming the Bicoastal Corporation Plan of Reorganization in the Bicoastal Corporation Chapter 11 proceeding. **I stated that I not only had no such intention to do so but I could not imagine a legal basis to do so. I was also asked about my position on the Bankruptcy Court's Order dated September 27, 1993, approving the settlement between Bicoastal Corporation and Shinwa, also in the Bicoastal Chapter 11 proceeding. I stated that I was already appealing that Order and I had every intention to have it reversed or vacated.** (emphasis added)

Shinwa states a different version of the understanding reached at the June Hearing. Excerpted below is a relevant portion of the Order at issue in this Appeal:

> Shinwa filed its Motion to Intervene on June 16, 1994, asserting its status as real party in interest ... because it **understood that the Debtor's Motion to Reconsider [the Partner Substitution Order] sought relief on a retroactive basis.**

> Counsel for Shinwa announced that Shinwa filed its Motion to Intervene because of its **concern that the Debtor's attempt to vacate the July 27th, 1992 Order retroactively could lead to a potential challenge of the integrity or the validity of the Order confirming the Bicoastal Corporation Plan of Reorganization, including the Order Approving the Compromise of Controversy between Bicoastal Corporation and Shinwa [Shinwa Settlement] as a result of which Shinwa (and others) paid some $93.8 million to Bicoastal Corporation in full settlement of their outstanding claims.**

> The **Debtor announced and admitted in open Court that he did not seek retroactive vacation from the July 27th, 1992 Order and certainly did not seek to collaterally or otherwise challenge the validity of the Order confirming the Bicoastal Plan of Reorganization or the [Shinwa Settlement].**

> In light of the foregoing, this Court finds that any action taken on the Debtor's Motion will not be granted retroactively and will have no impact on the Bicoastal Plan of Reorganization, including the Order Ap-

proving [the Shinwa Settlement] (and others). (emphasis added)

A relevant excerpt from the June 23rd, 1994 hearing is included below, starting with page 6 of the Record: (emphasis added by the Court)

MR. RIEDEL: A non-debtor entity. BPLP [Bilzerian Limited Partners] was the sole shareholder of Bicoastal, so that becomes our link. Pursuant to that order, [the July 27th, 1992 Order] Mr. Orr acted on behalf of BPLP, filed objections to confirmation of our plan and objections to the global settlement with Urda, the United States CAE and so forth. [sentence omitted] The confirmation hearing was August 27th. We modified the plan in connection with a settlement with BPLP that Mr. Orr negotiated, and he then cast a ballot for the plan and withdrew his objection.

**Our concern in moving to intervene in this was that if that order were vacated, somehow, then Mr. Orr's ballot and his withdrawal—**

[lines omitted]

THE COURT: **And the motion on the calendar today is attacking that particular order?** [the July 27th, 1992 Order]

MR. RIEDEL: Yes, sir. **Our concern has been that somehow that might be used to cast out the ballot Mr. Orr cast for the confirmation of our plan. I am told by Mr. Bilzerian that that is not the intent; that this is not any attempt to collaterally attack confirmation of Bicoastal's plan; the validity of the order confirming the plan or then under the plan. And why Mr. Berman [counsel for Shinwa] is here in this matter and moved to intervene is because the plan established the procedure for the settlement of compromises. And, so, pursuant to that procedure, we then settled the Semi–Tech/Shinwa settlement for $93.8 million that again was fully heard and contested about a year ago.** *And Mr. Bilzerian also confirms that this is not any effort to attack that compromise.*

THE COURT: Now did you actually file a motion to intervene?

MR. RIEDEL: Yes, sir.

THE COURT: So that should be denied then?

MR. RIEDEL: As moot, **in light of the representation of all parties that this will not be used in any way to collaterally attack either confirmation of the plan of Bicoastal** *or the settlement but without prejudice to the rights of all the parties appealing from that settlement to assert appellate rights—*

THE COURT: That's on appeal?

MR. RIEDEL: Yes, sir.

THE COURT: The approval of the settlement is on appeal?

MR. RIEDEL: Yes, sir. Three parties have appealed that.

THE COURT: Who?

MR. RIEDEL: Mr. Orr, Bicoastal Acquisition Corporation, Mr. Whittemore's client, and Mr. Bilzerian, *pro se,* have all appealed from that order, and it's presently pending before the district court. [sentence omitted]

THE COURT: **The comments made by Mr. Riedel, Mr. Berman, are equally applicable to you?**

MR. BERMAN: Yes, Your Honor. *As long as the attempt to vacate that preliminary injunction order will not have any kind of retroactive effect, which would affect either the compromise of the controversy with Shinwa or the confirmation hearing,* **our motion to intervene should likewise be denied as moot.** [sentences omitted] **And with that, we would respectfully request that you deny the motion as being moot, in light of Mr. Bilzerian's comments today.**

THE COURT: Is that all right?

MR. BILZERIAN: Yes, Your Honor.

THE COURT: All right. Give me an order on those two.

The Record of the June 23rd hearing shows that Bilzerian was present when the Settlement was included in the conditional agreement to withdraw the Motion to Intervene. The Settlement was referred to three (3) times, plainly, by Counsel for Shinwa and Bicoastal. The Court must assume that Mr. Bilzerian heard these statements. Indeed, Mr. Bilzerian answered "Yes, Your Honor"

when Judge Paskay asked if Mr. Bilzerian concurred, immediately after the third reference to the Settlement.

Furthermore, Shinwa's Motion to Intervene, which was served on Mr. Bilzerian, albeit approximately one week prior to the June 23rd hearing, contained the following statements:

> Shinwa takes *no position on the Debtor's* attempt to simply be replaced as general partner of BPLP–1 on a prospective basis as long as such a modification of the prior [Partner Substitution] Order **would not retroactively affect the confirmation of the Plan of Reorganization of Bicoastal Corporation, or any action or step taken in connection with such Plan, including confirmation of the [$93.8 million Settlement] with Shinwa** approved by this Court and described more particularly above. (emphasis added)

The Appellant already knew of Shinwa's position prior to the June hearing. In fact, he filed his opposition to this Motion on June 20th, 1994.

After comparing the Record with the Order Denying Shinwa's Motion to Dismiss Motion to Intervene as Moot, the Court finds that both are in substantial agreement. The Order, however omits a provision recognizing that Mr. Bilzerian retains his right to appeal from the Settlement. Mr. Riedel's statement in the June hearing that no prejudice would result "to the rights of all the parties appealing from [the Settlement] to assert appellate rights" is averred by Mr. Berman, Counsel for Shinwa, to apply to Shinwa. Mr. Bilzerian, therefore, retains a right to challenge the Settlement. While this Court upholds Judge Paskay's Order, the Court must define what that right is.

3. *Whether Judge Paskay properly signed the proposed Order Denying the Motion to Intervene as Moot, having evaluated the contents of it in light of the parties' stipulations at the June 23rd hearing.*

This Court, having reviewed the June 23rd Record and all relevant documents and circumstances, that the September 28th Order was properly signed by Judge Paskay because it contained substantially all of the stipulations agreed to by the parties at the June hearing.

The failure of the Order to include a statement regarding Mr. Bilzerian's appellate rights with regard to the Settlement does not impair the validity of the Order, as stated above. The Court holds that the Order, while valid, does not detain the Appellant from asserting his right to challenge the Settlement in the pending appeal, *In re Bicoastal,* Case No. 94–549–Civ–T–24E. However, any attempt to vacate the Preliminary Injunction (Partner Substitution Order) may not be used to attack the capacity of the Trustee to act as General Partner while negotiating the Settlement, thus rendering it invalid. This limitation is necessary to avoid a legal inconsistency. If the Appellant attacks the Settlement by claiming that the Trustee had no capacity to transact the Settlement, the Trustee's authority to negotiate the Plan of Reorganization and other settlements becomes questionable.

Finally, the Court has reviewed Judge Paskay's October 3, 1994 Order Denying Appellant Bilzerian's Motion for Reconsideration of Order Denying Shinwa Company Limited F/K/A Semi–Tech Microelectronics (Far East) Limited's Motion to Intervene as Moot, and affirms the Judge's finding that it is without merit.

### CONCLUSION

This Court has carefully reviewed the Orders of Judge Paskay, the briefs of both parties, and other relevant documentation. Under the quoted standard of review, the Court finds that the findings of fact of the Bankruptcy Court are not clearly erroneous. The Bankruptcy Court's findings of law are sound. Accordingly, it is

**ORDERED** that the Orders of the Bankruptcy Court be **affirmed,** and the Clerk of the Court be **directed** to dismiss this Appeal.

**DONE and ORDERED.**