In re **GULFSTAR INDUSTRIES, INC.**, Debtor.

**Amin T. Bishara,** Appellant,

v.

**Gulfstar Industries, Inc.,** Appellee.

Bankruptcy No. 97–12044–8B1.

No. 98–2506–CIV–T–17E.

United States District Court, M.D. Florida, Tampa Division.

July 2, 1999.

Michael C. Markham, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, FL, for Amin T. Bishara, appellant.

Buddy D. Ford, Burns, Ford & Kiesten P.A., Michael R. Barnett, Michael Barnett, P.A., Tampa, FL, for Gulfstar Industries, Inc., dba, Flair Communications, Inc., appellee.

## ORDER ON APPEAL

KOVACHEVICH, Chief Judge.

This case is before the Court on appeal from the Final Confirmation Order entered by Bankruptcy Judge Thomas Baynes, Jr., on September 2, 1998. Jurisdiction over appeals from the final judgments, orders, and decrees of the Bankruptcy Court is vested in the Federal District courts pursuant to 28 U.S.C. § 158(a).

Appellant has presented this Court with four issues for review. First, Appellant alleges that the Bankruptcy Court erred in finding that the Debtor had satisfied all of the requirements of 11 U.S.C.A. § 1129, confirmation of plan, without taking any evidence during the confirmation hearing. Second, Appellant argues that the Bankruptcy Court erred in concluding that the Debtor obtained the affirmative vote on its plan. Third, Appellant asserts that the Bankruptcy Court erred in overruling Appellant's Objection to Confirmation. Finally, Appellant alleges that the Bankruptcy Court erred in denying Appellant's Motion for Reconsideration of Order Confirming Plan and For Retabulation of Ballots.

## FACTS

Appellee, Gulfstar Industries, filed a voluntary Chapter 11 Petition in the Bankruptcy Court on July 22, 1997. After filing its initial Reorganization Plan and Disclosure Statement on December 8, 1997, Appellee filed its First Amended Plan and Disclosure Statement on May 18, 1998. The Bankruptcy Court then entered an Order Approving the Disclosure Statement on June 2, 1998, and set the dates for the relevant deadlines and hearings in the case. On August 3, 1998, Appellee filed its Second Amended Plan of Reorganization. During these course of events, the Appellee's creditors were given opportunities to cast ballots in favor of the Appellee's reorganization plan.

Prior to the scheduled confirmation hearing, Appellant filed an Objection to Confirmation with the Bankruptcy Court on August 6, 1998. In the Objection to Confirmation, Appellant alleged, among other things, that with respect to each impaired class of claims or interests, each holder of a claim or interest had not accepted the plan and the plan was not fair and equitable with respect to such holders. The Bankruptcy Court held the confirmation hearing on August 12, 1998, where counsel representing the parties at interest in this appeal were present and given the opportunity to argue the merits of the proposed plan before Judge Baynes. Based upon the hearing, and the facts and

law presented before the court, Appellee's reorganization plan was confirmed.

On September 14, 1998, Appellant filed a Motion for Reconsideration of Order Confirming Debtor's Second Amended Plan of Reorganization and for Re-tabulation of Ballots. This Motion was subsequently denied by the Bankruptcy Court on September 22, 1998. Appellant filed a Notice of Appeal with respect to the Order confirming the Debtor's Second Amended Plan of Reorganization and Order Denying Appellant's Motion for Reconsideration with this Court on October 1, 1998.

### STANDARD OF APPELLATE REVIEW

 The District Court is bound by the findings of fact made by the Bankruptcy Court unless it determines them to be clearly erroneous. The burden is on the Appellant to show that the Bankruptcy Court's factual findings are clearly erroneous. Federal Rules of Bankruptcy Procedure, Rule 8013; *In re Downtown Properties, Ltd.*, 794 F.2d 647 (11th Cir.1986); *In re Southmark Corp.*, 55 F.3d 1071 (5th Cir.1995). Appellant is entitled to an independent, *de novo* review of all conclusions of law and the legal significance accorded to the facts. *In re Owen*, 86 B.R. 691 (M.D.Fla.1988). Determinations by the Court involving mixed questions of law and fact are reviewed *de novo*. *In re Southmark Corp.* at 1074. With this standard in mind, the Court now turns to the issues on appeal.

### I. THE BANKRUPTCY COURT DID NOT, AS A MATTER OF LAW, COMMIT ERROR IN CONFIRMING APPELLEE'S PLAN WITHOUT TAKING EVIDENCE AT THE CONFIRMATION HEARING BECAUSE A BANKRUPTCY COURT'S RELIANCE ON THE RECORD IS APPROPRIATE WHEN DETERMINING WHETHER THE REQUIREMENTS OF 11 U.S.C. § 1129 ARE MET.

 Appellant argues that the Bankruptcy Court committed error in confirming Appellee's plan without taking evidence at the confirmation hearing. The Eleventh Circuit has clearly established that:

> [T]he focus of a court's inquiry [when determining whether to confirm a reorganization plan] is the plan itself, … and courts must look to the totality of the circumstances surrounding the plan, keeping in mind the purpose of the Bankruptcy Code is to give debtors a reasonable opportunity to make a fresh start.

*McCormick v. Banc One Leasing Corp.*, 49 F.3d 1524, 1526 (11th Cir.1995) (citations omitted).

 With this focus in mind, the Bankruptcy Court "must hold an evidentiary hearing in ruling on confirmation," during which the proponent of the plan bears the burden of proving that the plan complies with the provisions of the Bankruptcy Code. *In re Acequia*, 787 F.2d 1352, 1358 (9th Cir.1986). During this required evidentiary hearing, it is sufficient for the court to decide compliance with 11 U.S.C. § 1129 based upon the Court file. *In re Chandler Airpark Joint Venture*, 163 B.R. 566, 569 (Bankr.D.Ariz.1992) ("[The proponent of the reorganization plan] presented no witnesses or evidence in support of confirmation other than the written stipulation and the Court's file in this case. Compliance with confirmation requirements must be based solely on this limited record.").

This Court finds *In re Chandler*, 163 B.R. at 569, to be persuasive in this matter, especially in light of an absence of authority from the Eleventh Circuit on this issue, and the Ninth Circuit's analysis in *In re Acequia*, 787 F.2d at 1358. In discussing the Bankruptcy Court's need to hold an evidentiary hearing in ruling on confirmation, the Ninth Circuit in *In re Acequia* stated that this need "does not preclude the [B]ankruptcy [C]ourt from

considering evidence presented by the parties at prior evidentiary hearings." *In re Acequia*, 787 F.2d at 1358. That court went on to hold that "[t]o require the [B]ankruptcy [C]ourt to ignore prior evidence would impose a harsh and unnecessary administrative burden." This Court agrees.

If the Bankruptcy Court were to be prevented from using the record when deciding whether a proposed reorganization plan meets the requirements of 11 U.S.C. § 1129, it would, in essence, be "grind[ing] the same corn a second time." *In re Acequia*, 787 F.2d at 1358, quoting *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir.1970). In the interests of judicial economy, this Court finds that it is not only permissible, but entirely appropriate for the Bankruptcy Court to review, if necessary, a case's record when deciding if a proposed reorganization plan meets the requirements of 11 U.S.C. § 1129.

Pursuant to established law, the lower court was not under any obligation to take evidence during the Confirmation Hearing. Therefore, pursuant to the *de novo* standard by which District Courts must review issues of law presented in bankruptcy appeals, this Court finds that it was appropriate for Judge Baynes to confirm Appellee's proposed reorganization plan pursuant to the record as it existed during the confirmation hearing.

## II. THE BANKRUPTCY COURT DID NOT ERR IN CONCLUDING THAT APPELLEE HAD OBTAINED THE AFFIRMATIVE VOTE ON ITS SECOND AMENDED PLAN.

■ This issue concerns whether the lower court erred in confirming Appellee's proposed reorganization plan in light of ballots filed and accepted after the established deadline. Appellant asserts that while the Bankruptcy Court accepted certain ballots filed after the deadline, the court refused to consider Appellant's untimely filed ballot. At first blush, this appears to be a strict factual issue worthy

of reversal only if the lower court's factual determination is clearly erroneous. Upon deeper examination, however, this issue concerns a mixed question of law and fact demanding *de novo* review. *Bilzerian v. Shinwa Co., Ltd.*, 184 B.R. 389 (M.D.Fla. 1995).

Pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure:

> [A] plan may be accepted or rejected [by an entity entitled to accept or reject the plan] in accordance with § 1126 of the Code *within the time fixed by the court* pursuant to Rule 3017. [ . . . ] *For cause shown,* the court after notice and hearing *may permit* a creditor or equity security holder to change or withdraw an acceptance or rejection.

(emphasis added). The lower court was correct to deny consideration of Appellant's untimely filed ballot. First, the Bankruptcy Court's use of Rule 3018(a) was correct because it was, and is, the appropriate law to follow on the issue of acceptance of untimely filed ballots. Second, it is clear from the transcript of the confirmation hearing that Appellant's ballot was not filed until July 28, eleven (11) days *after* the Bankruptcy Court's deadline for receipt of ballots.

■ Therefore, under the *de novo* standard required on this mixed issue, this Court finds that it was appropriate for the Bankruptcy Court to refuse consideration of Appellant's untimely ballot. Further, the court did not err in concluding that the Debtor had obtained the affirmative vote on its plan, because the ballots received by Appellee were sufficient to meet the voting requirements under the Code.

## III. THE BANKRUPTCY COURT WAS CORRECT TO OVERRULE APPELLANT'S OBJECTION TO CONFIRMATION, AND DENY APPELLANT'S MOTION FOR RECONSIDERATION OF ORDER CONFIRMING PLAN AND FOR RETABULATION OF BALLOTS.

Appellant's arguments before this Court on appeal mirror those that were made in

the Objection to Confirmation and Motion for Reconsideration and Retabulation. In the interest of judicial economy, therefore, this Court will not rehash the previous discussions. This Court will, however, briefly address those issues that were addressed in the Objection to Confirmation and Motion for Reconsideration and Retabulation, that have not yet been previously discussed.

With regard to the Objection to Confirmation, Appellant argued that the reorganization plan should not be confirmed on several grounds. This Court finds that the issues raised by Appellant in the Objection to Confirmation are insufficient grounds for reversal in light of the standards to be applied by this Court upon review. With regard to the factual issues raised by Appellant in the Objection, this Court finds that the Bankruptcy Court did not err because the lower court's decisions were not clearly erroneous. As to the legal issues raised by Appellant in the Objection, this Court finds that under the required *de novo* review, the reorganization plan was not forbidden by law.

Appellant's arguments in the Motion for Reconsideration and Retabulation are also insufficient grounds for reversal. Under the applicable standards of review, this Court finds that the Bankruptcy Court was correct in its factual and legal decisions. Accordingly, it is

**ORDERED** that the Confirmation Order entered on September 2, 1998, by Judge Thomas Baynes, Jr. be **AF-FIRMED.** The Clerk of the Court is DIRECTED to enter judgment for Appellee in accordance with this Order.