**In re SOVEREIGN OIL COMPANY, Debtor.**

**In re Melville Riley McCOY, a/k/a Mel McCoy, a/k/a M.R. McCoy, d/b/a M.R. McCoy, Petroleum Geologist, Debtor.**

**Bankruptcy Nos. 89–5025–8P1, 89–5024–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 25, 1991.

David Steen, Tampa, Fla., for debtor.

John Yanchunis, St. Petersburg, Fla., for Rosita Trujillo.

Michael Cauley, Office of U.S. Atty., Tampa, Fla.

### ORDER ON CONFIRMATION OF PLANS OF REORGANIZATION

ALEXANDER L. PASKAY, Chief Judge.

THESE are related, but not consolidated, Chapter 11 cases, one filed by Sovereign Oil Company (Sovereign) and the other filed by Melville Riley McCoy, a/k/a Mel McCoy, a/k/a M.R. McCoy d/b/a M.R. McCoy, Petroleum Geologist (McCoy). The matters under consideration are the feasibility of the Plans of Reorganization proposed by Sovereign and McCoy respectively, and the Objection to the Confirmation of the Plans by Rosita Trujillo, a creditor in both cases. A brief review of the facts relevant to the matters under consideration as have appeared from the record are as follows.

McCoy is a petroleum geologist by profession who has been, and still is, employed by Sovereign. His sole source of income has been derived from the operation of

Sovereign. The assets of McCoy consist of a one-half interest in Sovereign. Sovereign was formed in 1980 and has been engaged in oil and natural gas exploration in Colorado and New Mexico. It produced a small profit only two or three years during its corporate existence.

In 1990, McCoy had income of approximately $33,791 and Sovereign had income of $62,321, one half of which was paid to McCoy's ex-wife for her 50% interest in the corporation. The Debtors' total expenses for 1990 were approximately $95,200, or approximately $900 less than the Debtors' combined income. The pro forma attached to the Disclosure Statement filed on behalf of McCoy indicates that profits for 1990 were projected to be $8,000; however, his actual profit in 1990 was only $1,000. Similarly, the projected profit for Sovereign in 1990 was $35,000, while actual profit was only $8,000. Clearly both these Debtors fell far below their projections during the pendency of these Chapter 11 cases.

The Debtors filed their Disclosure Statements which were ultimately approved. The salient features of the Plans of Reorganization of McCoy and Sovereign are as follows:

McCoy, under his Plan, has monthly obligations of $1,100.00 to unsecured creditors; $380 to Rosita Trujillo, a secured creditor; and $175 in tax obligations. Sovereign, under its Plan, has a monthly obligation of $2,070, including payments of $1,300 to unsecured creditors and $770 to Rosita Trujillo. Thus McCoy and Sovereign have a monthly obligation of $3,725 and a yearly obligation of $44,700 under the combined Plans of Reorganization if their Plans are confirmed.

One of the conditions for confirmation is set forth in § 1129(a)(11) of the Code, which provides as follows:

**§ 1129. Confirmation of a plan**

(a) The court shall confirm a plan only if all of the following requirements are met:

.    .    .    .    .

(11) Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

■ This Section requires that the Court make an independent determination that the confirmed plan is not likely to be followed by a liquidation or further reorganization, unless the plan calls for these. In essence, this Section requires a determination that the plan is feasible and workable. *In re Thurmon,* 87 B.R. 190 (Bankr.M.D. Fla.1988), *citing, In re Monnier Brothers,* 755 F.2d 1336, 1341 (8th Cir.1985); *In re Hoffman,* 52 B.R. 212 (Bankr.D.N.D.1985).

■ When evaluating the feasibility of a Plan of Reorganization based on deferred payments to creditors, the Court must consider the earning power of the business, its capital structure, the economic conditions of the business, the continuation of present management, and the efficiency of the management in control of the business after confirmation. *In re Clarkson,* 767 F.2d 417 (8th Cir.1985).

■ Sovereign intends to meets its obligations under its Plan of Reorganizing by greatly reducing its operating expenses and its overhead. Specifically, Sovereign intends to consolidate all of its operations in Colorado and completely eliminate the Florida office. In addition, McCoy, as well as other employees of Sovereign who are family members, will be taking a substantially reduced salary.

In addition to reducing expenses and overhead, the Debtors also plan to greatly increase their income with new consulting contracts which McCoy is supposed to obtain shortly. McCoy claims to be presently negotiating joint venture agreements with foreign interests, one with a Canadian group which is yet to be incorporated, and the other with Eurovest International, a Liechtenstein corporation operating in Rome. According to McCoy, he expects to earn between $2,000 and $3,000 per month as a consulting geologist for Eurovest and the Canadian group. McCoy failed to produce either a written contract or even a

letter of commitment from these entities for this projected consulting work. It is conceded by McCoy that without additional income from these ventures, neither he nor Sovereign can make the monthly payments under the Plans of Reorganization.

In addition to the increased income from these unconfirmed consulting contracts, Sovereign also plans to increase its income up to tenfold by implementing horizontal drilling, a new drilling technique that supposedly produces five to ten times more oil than does the conventional vertical drilling. It should be noted that the cost to implement horizontal drilling is up to three times the cost to implement vertical drilling and would require an initial capital outlay of $3 million. Needless to say, neither McCoy nor Sovereign has such funds at this time, nor do they have any realistic expectation of obtaining these funds in the foreseeable future.

This Court has reviewed Sovereign's Plan of Reorganization, and has assessed its past performance and this Court is convinced that Sovereign will not be able to and meet its obligations under its Plan if confirmed. If past performance is any indicator of its future performance, there is no basis to believe that Sovereign will ever generate the funds necessary to meet its obligations under the Plan. Any additional income from the horizontal drilling and in hope of profits derived from the yet-to-be formed Canadian corporation or from Eurovest International is nothing more than a pipe-dream. Sovereign has no contracts for these ventures and there exists no con-

crete evidence that these will ever advance beyond the negotiation stage and amount to anything more than a hope which is not supported by hard evidence. Visionary schemes are not sufficient to make a plan feasible. *In re Bergman*, 585 F.2d 1171 (2d Cir.1978). In sum, this Court is satisfied that Sovereign's Plan of Reorganization is not feasible and thus, the Plan cannot be confirmed. In light of the fact that McCoy relies solely on Sovereign for his income, his Plan of Reorganization equally lacks feasibility. Since the Debtors cannot meet the feasibility requirement under § 1129(a)(11), it is unnecessary to consider confirmation under § 1129(b).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objections of Rosita Trujillo to the Plan of Reorganization of Sovereign and Melville Riley McCoy are sustained. It is further

ORDERED, ADJUDGED AND DECREED that confirmation of the Plan of Reorganization of Sovereign and Melville Riley McCoy is denied. It is further

ORDERED, ADJUDGED AND DECREED that these cases will be set for dismissal or conversion.

DONE AND ORDERED.