United States Court of Appeals,

Eleventh Circuit.

No. 94-2381

Non-Argument Calendar.

In re Timothy W. McCORMICK, Debtor.

Timothy W. McCORMICK, Plaintiff-Appellant,

v.

BANC ONE LEASING CORPORATION, U.S. TRUSTEE, Defendant-Appellee.

April 19, 1995.

Appeal from the United States District Court for the Middle District of Florida. (No. 90-1272-CIV-t-21c), L. Clure Morton, Judge.

Before ANDERSON and CARNES, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

The debtor appeals the denial of his Chapter 11 reorganization plan for lack of good faith in an order which simply stated that "The Debtor's invocation of his Fifth Amendment privilege in connection with this case demonstrates that the Plan of Reorganization was not filed in good faith." The debtor had invoked the Fifth Amendment and refused to testify in a related adversary proceeding. The district court affirmed without opinion. This appeal comes without the benefit of a brief from the appellee.

On the simple issue presented by this appeal, we hold that the debtor's assertion of the Fifth Amendment in a related adversary proceeding, standing alone, when all other aspects of his Chapter 11 Plan of Reorganization are consistent with the goals of the Bankruptcy Code, is not sufficient evidence of bad faith to merit the denial of his plan.

In order to be confirmed, a Chapter 11 reorganization plan must be submitted in good faith and not by any means forbidden by law. 11 U.S.C. § 1129(a)(3). While the Bankruptcy Code does not define the term, courts have interpreted "good faith" as requiring that there is a reasonable likelihood that the plan will achieve a result consistent with the objectives and purposes of the Code. *In re Block Shim Development Company-Irving,* 939 F.2d 289, 292 (5th Cir.1991); *In re Madison Hotel Associates,* 749 F.2d 410, 425 (7th Cir.1984); *In re Coastal Cable T.V., Inc.,* 709 F.2d 762, 764-65 (1st Cir.1983) (in corporate reorganization, plan must bear some relation to statutory objective of resuscitating a financially troubled company).

Where the plan is proposed with the legitimate and honest purpose to reorganize and has a reasonable hope of success, the good faith requirements of section 1129(a)(3) are satisfied. *Kane v. Johns-Manville Corp.,* 843 F.2d 636, 649 (2nd Cir.1988); *In re Sun Country Development, Inc.,* 764 F.2d 406, 408 (5th Cir.1985); *In re Mulberry Phosphates, Inc.,* 149 B.R. 702, 707 (Bankr.M.D.Fla.1993).

The focus of a court's inquiry is the plan itself, and courts must look to the totality of the circumstances surrounding the plan, *Block Shim,* 939 F.2d at 292; *Madison Hotel,* 749 F.2d at 425, keeping in mind the purpose of the Bankruptcy Code is to give debtors a reasonable opportunity to make a fresh start. *Sun Country,* 764 F.2d at 408.

Other than the debtor's refusal to testify in a related adversary proceeding, the totality of the circumstances surrounding

Timothy McCormick's proposed reorganization plan would seem to negate any specific showing of bad faith. McCormick, who filed an individual, voluntary petition for relief under Chapter 11 of the Bankruptcy Code, complied with all necessary financial and other disclosure requirements. McCormick timely filed the required schedules and statement of financial affairs, and he testified at the meeting of creditors. The bankruptcy court approved the disclosure statement. The debtor secured the necessary number of the ballots by creditors in favor of the plan.

McCormick proposed to distribute approximately $23,000 to his creditors along with another $200 per month for 36 months. Apparently, McCormick could have filed a Chapter 7 petition, liquidating all his assets and obtaining a discharge, leaving his creditors in worse condition than under the Chapter 11 plan.

There is no doubt that the Fifth Amendment privilege extends to bankruptcy proceedings. *McCarthy v. Arndstein,* 266 U.S. 34, 45 S.Ct. 16, 69 L.Ed. 158 (1924). In Chapter 7 liquidation cases, the Bankruptcy Code provides that absent a grant of immunity, the debtor is free to invoke his Fifth Amendment privilege and still receive a discharge from his debts. 11 U.S.C. § 727(a)(6)(B); *In re Martin-Trigona,* 732 F.2d 170 (2nd Cir.), *cert. denied,* 469 U.S. 859, 105 S.Ct. 191, 83 L.Ed.2d 124 (1984).

The Bankruptcy Code does not dictate nor have we found any other court to have held that a bankruptcy court may deny confirmation of a reorganization plan solely because the debtor refused to testify on the basis of the privilege against self-incrimination in a related proceeding during the pendency of

a Chapter 11 case.

While his case was proceeding, one of McCormick's creditors, First Interstate Credit Alliance, Inc., filed a separate adversary proceeding against McCormick seeking to declare a debt non-dischargeable under section 523 of the Code. During a related deposition, McCormick asserted his Fifth Amendment privilege against self-incrimination and refused to testify. Notably, McCormick and First Interstate later agreed to a compromise on the dispute. The bankruptcy court entered an order approving the compromise. Prior to the final confirmation hearing, after McCormick filed the necessary disclosure statement and proposed reorganization plan, three creditors, Advanta Leasing Corporation, Banc One Leasing Corporation, and First Interstate, filed objections to the confirmation claiming McCormick's plan was not proposed in good faith, as required by section 1129(a)(3) of the Bankruptcy Code. Only Advanta cited as its reason for objecting to the plan McCormick's assertion of the Fifth Amendment during the course of the proceedings. The bankruptcy court concluded that McCormick's failure to testify in some of the proceedings was contrary to the goals of the Bankruptcy Code and was evidence he did not propose the plan in good faith.

As long as McCormick's failure to testify at the First Interstate deposition did not impede the basic bankruptcy administration of his case, however, assertion of his Fifth Amendment privilege alone cannot be the basis for denying confirmation of his plan. *E.g., In re Connelly,* 59 B.R. 421 (Bankr.N.D.Ill.1986).

It may well be that the bankruptcy court may have denied McCormick's confirmation for reasons additional to his refusal to testify in the First Interstate deposition, or that his refusal impeded the administration of the Chapter 11 plan in a way not disclosed by this record. If so, that issue may be addressed on remand. Being unable to find support in this record for the bankruptcy court's finding of bad faith under section 1129(a)(3) of the Bankruptcy Code on the refusal to testify alone, however, we must vacate the decision of the district court and remand for further proceedings consistent with this opinion.

The petition of the debtor was filed September 13, 1988. The Order of the bankruptcy court was entered on July 24, 1990. The Order of the district court affirming was entered on February 22, 1994 by a visiting senior district judge who had not been assigned the case until some time after December 1993. It may well be that in the almost five years since the case was before the bankruptcy court, interceding events or changed circumstances will affect the proper disposition of this case on remand.

VACATED and REMANDED.