**EPIC METALS CORP., Appellant,**

v.

**CONDEC, INC., Appellee.**

**No. 98–182–CIV–T–17F.**

United States District Court,
M.D. Florida,
Tampa Division.

April 19, 1999.

---

4. This statutory provision is now found at 11 U.S.C. § 1322(d) which is discussed in footnote 2.

Michael C. Markham, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, FL, for Epic Metals Corp., appellant.

Daniel James Herman, Pecarek & Herman, Chartered, Largo, FL, for Condec, Inc., appellee.

### APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA

KOVACHEVICH, Chief Judge.

### ORDER ON APPEAL

THIS CAUSE comes before the Court on appeal from the objections filed by Epic Metals, Corp., Appellant on various Order's granted by Chief Bankruptcy Judge Alexander L. Paskay.

### STANDARD OF REVIEW

■ The applicable standard of appellate review is that findings of fact shall not be set aside unless clearly erroneous. *See Griffin v. Missouri Pac. Ry. Co.,* 413 F.2d 9 (5th Cir.1969); Bankr.Rule 8013. Due regard is given to the opportunity of the trial court to "judge credibility of the witnesses." Bankr.Rule 8013. Appellant is entitled to an independent de novo review of all conclusions of law and the legal significance accorded facts. *See In re Government Securities Corp.,* 107 B.R. 1012, 1013, (S.D.Fla.1989).

### FACTS

Appellant, Epic Metals, Inc. (Epic), is a privately held Pennsylvania corporation li-

censed to do business in Florida. Epic manufacturers, markets and distributes various types of composite steel decking used as a structural element in concrete pours in the construction of new buildings. Similarly, Condec, Inc. (Condec), a competitor, is a Florida corporation in the same line of business as Epic.

In 1992, Epic sued Condec seeking injunctive relief and damages for copyright and trade dress violations under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1998). On April 28, 1995, United States Magistrate Judge Jenkins entered a Memorandum Opinion awarding damages totaling $457,131.00 to Epic.

Immediately following Judge Jenkin's Opinion, Condec filed a Chapter 11 petition with the Bankruptcy Court. Condec also filed an appeal with the Eleventh Circuit Court of Appeals seeking to overturn the $412,000.00 portion of the award which was assessed for "trade dress" infringement. Condec did not appeal the $45,000.00 awarded for copyright infringement of Epic's advertising brochure. The Eleventh Circuit entered its order in favor of Condec and vacated the $412,000.00 award for "trade dress" infringement.

The bankruptcy case continued for two years in which Condec filed a Plan of Reorganization and an Amended Plan of Reorganization. During this period, the Bankruptcy Court entered an Order Converting the Case for Chapter 11 to Chapter 7, but the order was vacated. Subsequently, Chapter 11 was reinstated in light of the Eleventh Circuit's ruling. Condec then submitted a Third Plan of Reorganization. After denying the two previous plans, the third plan was confirmed on September 29, 1997.

On October 8, 1997, Epic filed a Notice of Appeal. At no time did Epic, or any other creditor, seek to stay the confirmation order. Appellate briefs were submitted on behalf of each party subsequent to the Notice of Appeal. (Docket Nos. 8, 16 and 18).

## DISCUSSION

The appellant has broken their arguments into four main categories to be addressed: (1) Condec's plan was not brought in good faith; (2) Condec's plan did not meet the requirements under the Bankruptcy Code because the only impaired classes were artificially impaired; (3) the plan is not feasible; and (4) the plan is not "fair and equitable." The Court will address the issues presented by the Appellant, Epic in relation to these arguments.

### I. The Debtor's Plan Was Not Brought In Good Faith

 A plan may only be confirmed if the Debtor proves that the plan has been proposed in good faith. *See* 11 U.S.C. § 1129(a)(3). With respect to good faith, the focus of the Court's inquiry is the plan itself. *See In Re McCormick*, 49 F.3d 1524 (11th Cir.1995). The totality of the circumstances surrounding Condec's proposed reorganization plan seems to promote a finding of bad faith. As the appellee points out, "good faith is a complex determination based upon consideration of all facts in assessing debtor's intent, the realistic possibility of effective reorganization and the exercise of judicial discretion." *See In re Albany Partners Ltd.*, 749 F.2d 670, 674 (11th Cir.1984); *In re Little Creek Development Co.*, 779 F.2d 1068 (5th Cir.); *In re Phoenix Piccadilly Ltd.*, 849 F.2d 1393, 1394 (11th Cir.1988); *Matter of T–H New Orleans, Ltd. Partnership*, 116 F.3d 790, 801 (5th Cir.1997).

 The Bankruptcy Judge determined that Condec's Chapter 11 petition was "nothing more than an attempt to avoid the requirement to post a supersedeas bond pending appeal by using the protection of the automatic stay imposed by § 362 of the Bankruptcy Code.... The undisputed facts of this record demonstrate that the Debtors sought Chapter 11 relies and obtained the protections of the automatic stay as a litigation tactic to

avoid having to satisfy the supersedeas bond otherwise requires... This is clearly not what Chapter 11 was designed for." The Eleventh Circuit has held that:

> Section 1129 forbids a court from accepting a reorganization plan which has not been proposed in good faith. It seems questionable to us that the taint of a petition filed in bad faith must naturally extend to any subsequent reorganization proposal; thus, any proposal submitted by a debtor who filed his petition in bad faith would fail to meet Section 1129's good faith requirement. In light of this conclusion, we cannot say that Congress intended that a creditor's rights be delayed merely to allow the bad faith debtor to present a reorganization plan, as a matter of law, could not be approved by the court.

*See In re Natural Land Corp.*, 825 F.2d 296, 298 (11th Cir.1987).

Following the analysis from the Eleventh Circuit, Condec's plan was not filed in good faith. Condec filed their petition to seek protection from the supersedeas bond requirement. The bankruptcy court even recognized this to be the case and Condec did not present any evidence to the contrary following this finding. Hence Condec did not meet their burden of proving the third plan was brought in good faith, given the original finding of bad faith in filing the petition.

II. The Debtor's Plan Cannot Be Confirmed As No Accepting Impaired Class of Claims Exists For Purposes of Bankruptcy Code § 1129(a)(10)

Bankruptcy Code § 1129(a)(10) provides as follows:

> (a) The court shall confirm a plan only if all of the following requirements are met:
>
> \* \* \* \* \* \*
>
> (10) If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, deter-

mined without including any acceptance of the plan by any insider.

*See* 11 U.S.C. § 1129(a)(10)

■ In this case, as the third plan impairs one or more classes of claims, the debtor must obtain the acceptance of an impaired class of claims as a necessary condition of confirmation. *See In re Dunes Hotel Associates*, 188 B.R. 174 (Bankr.D.S.C.1995). As a proponent of the plan and the party seeking confirmation, Condec had the burden of showing the plan meets all statutory requirements. *See In re Locke Mill Partners*, 178 B.R. 697, 700 (Bankr.M.D.N.C.1995). This includes compliance with § 1129(a)(10) of the Bankruptcy Code.

■ Judge Paskay erred in ruling that United Bank and the Tax Collector were impaired without the presentation of evidence. The debtor, Condec had the burden of showing the classes were indeed impaired, even if no objections existed. *See In re Eastland Partners Limited Partnership*, 149 B.R. 105 (Bankr. E.D.Mich.1992); *In re Chandler Airpark Joint Venture I*, 163 B.R. 566 (Bankr. D.Ariz.1992); *In re Union Meeting Partners*, 165 B.R. 553 (Bankr.E.D.Pa.1994). Condec asserts that the impaired treatment of United Bank and the Tax Collector were beneficial to them and the bankruptcy estate. However, a combined savings of $750.00 over the life of plan does not amount to a true impairment. Rather, it demonstrates the need to alter circumstances concerning these two creditors in order to obtain their confirmation votes. This was an attempt to manipulate the Chapter 11 process by engineering technical and literal compliance in order to overcome the opposition by truly impaired creditors. To allow such perversion, would be to reduce § 1129(a)(10) to a nullity. It is obvious that Condec sought protection from the Bankruptcy Code to avoid the supersedeas bon and that the only true impaired creditor is Epic. Thus under § 1129(a)(10) a reorga-

nization plan that does not have support from truly impaired creditors cannot be confirmed. *See* 11 U.S.C. § 1129(a)(10).

### III. Fair and Equitable

■ This Court has determined that the two classes of "impaired creditors" were artificial; therefore, it is not persuasive that Epic is being treated similarly to those classes. What concerns this Court is the treatment of the one truly impaired creditor, Epic. Because the debtor did not get the vote of the unsecured creditor, it must prove that the plan was fair and equitable. *See* 11 U.S.C. § 1129(b)(2). This plan requires Epic to wait until the tax claims are paid in full. Considering the one truly impaired creditor is Epic, it is unfair to require them to wait until an artificially impaired creditor is paid.

Condec contends "it taxes the senses to comprehend that Epic could cause the years of misery and expense" based on a clearly erroneous judgement. However, Condec sought the protection of the Bankruptcy Code in order not to face the supersedeas bond requirement. Therefore, it is impossible to find a finding of fairness and equity when it was Condec who instituted this process and has manufactured creditors in order to deny paying a judgment based on their wrong doings. It is for the above mentioned reasons that the judgment of the bankruptcy court be vacated and remanded for further proceedings consistent with this opinion. · Accordingly it is,

**ORDERED** that the findings of the Bankruptcy Court be **vacated and remanded** for further proceedings consistent with this opinion.