**In re JRV INDUSTRIES, INC., d/b/a BRC Performance, Debtor.**

No. 04–6236–3F1.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

April 24, 2006.

680

Lisa C. Cohen, Ruff & Cohen Pa, Gainesville, FL, for Debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court upon Debtor's, JRV Industries, Inc. d/b/a BRC Performance ("JRV"), Chapter 11 Amended Plan of Reorganization (the "Plan") and Objection to Confirmation ("Objection") filed by Mazak Corporation ("Mazak"). A confirmation hearing was held on January 12, 2006 (the "January Hearing") and was continued to March 23, 2006 (the "March Hearing"). Upon the evidence presented at the hearings, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

JRV manufactures crankshafts and pistons for automotive after-market parts. Mazak produces the equipment necessary for crankshaft production, and JRV purchased one such machine, the Mazak 300Y Integrex. (Disclosure Statement at 2.) JRV filed a voluntary Chapter 11 petition on June 16, 2004, and filed its Chapter 11 Plan of Reorganization and Disclosure Statement on January 28, 2005. The Plan provided for an estimated approximate monthly payment to secured and unsecured creditors of $7,895.68, exclusive of administrative claims. The Plan also provided for Mazak to have a secured claim for $225,000.000 and an unsecured claim for $193,139.44; the unsecured portion was to be classified with all other unsecured claims.

JRV filed an Amendment to Plan of Reorganization and an Addendum to Disclosure Statement on September 21, 2005. Mazak objected to confirmation on October 24, 2005. While there are numerous creditors in this case, this proceeding centers on a two-party dispute between Mazak and JRV. The first confirmation hearing for JRV was on November 3, 2005 (the "November Hearing"). Many issues were raised supplementary to confirmation at the November Hearing, including an issue raised by Mazak that one particular creditor, Tennessee Engine Works Corp. ("TEW"), needed its claim to be reclassified separately from the unsecured class of

creditors. The Court decided the reclassification issue on January 6, 2006, and continued confirmation to the January Hearing.

At the November Hearing, before the Court was a Motion to Reclassify Claims of Tennessee Engine Works filed by Mazak ("Motion"). The facts contemporaneous with this Motion are stated in detail in the Findings of Fact and Conclusions of Law entered by the Court on January 6, 2006 (the "Reclassification Decision"). Briefly, to recapitulate, TEW sold certain equipment to JRV in exchange for a promissory note secured by a security agreement. Mr. Vass ("Vass"), the president and sole shareholder of JRV, signed the agreement in his individual capacity and as president of JRV. TEW then filed a UCC–1 financing statement with the Secretary of State of Florida listing Vass as the debtor and JRV as an additional debtor. Vass again signed the financing statement in his individual capacity and as president of JRV. Upon JRV's filing Chapter 11, TEW filed a proof of claim for $655,262.00. The Plan provided for TEW to have a secured claim of $150,000.00 and an unsecured claim for $505,000.00; the unsecured portion would be classified with all other unsecured claims. Mazak argued in its Motion and before the Court that the non-recourse deficiency claim of TEW should be separately classified from the general unsecured claims. In the Reclassification Decision, the Court followed the majority view in holding that non-recourse deficiency claims are not sufficiently dissimilar from other unsecured claims to require separate classification.

At the January Hearing, the Court noted that JRV was woefully unprepared to present evidence for confirmation. Vass did not proffer any evidence to substantiate why JRV's Plan should be confirmed.

One measure Vass was taking to ensure a profit for JRV was to not take a salary for services rendered as president of JRV. Despite the inadequate presentation of evidence and the cavalier attitude of Vass with respect to the prospect of reorganization, the Court exercised its authority under 11 U.S.C. § 105 to give JRV one final chance to prove why its Plan should be confirmed.

At the March Hearing, JRV presented evidence that the Plan should be confirmed. Vass testified that the Plan provided for monthly payments of approximately $5,800 ($7,900 less the adequate protection payments to Mazak) and that JRV had sufficient income to make these payments. (T. at 13.)[1] In addition to paying administrative claims, Vass testified that JRV had $28,192.53 in its bank account, and was ready to pay the $3,800 in postpetition debts that had accumulated since the January Hearing. (T. at 7.) Vass also testified that JRV's financial position had changed so that it was finally making a profit after the year-and-a-half deficit it had been in during the course of the Chapter 11 proceedings. (T. at 10–11.) This was achieved by "dramatically increas[ing] sales and ... reduc[ing] expenses." (T. at 11.) Yet Vass also admitted during cross-examination that "cash available to creditors is $107,000 less than [JRV] had projected [it] would need to fund [its] plan through" the date of the March Hearing. (T. at 22.)

### CONCLUSIONS OF LAW

For a Chapter 11 plan to be confirmed, it must first meet the requirements set out in 11 U.S.C. § 1129. All of the stated requirements must be met, except § 1129(a)(8), which requires acceptance of the plan by impaired classes, which can be

---

1. The Court only cites the transcript from the March 23, 2006 hearing in this opinion.

considered separately upon a motion for cramdown pursuant to § 1129(b). The Court finds that the Plan does not meet the requirements of §§ 1129(a)(3) and (a)(11).

### A. *The Plan Fails to Comply with § 1129(a)(11)*

Section 1129(a)(11), the "feasibility" requirement, mandates that a court shall confirm a plan only if:

Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

In essence, this section of the Code "is designed primarily to prevent confirmation of visionary schemes that promise a greater distribution than the debtor or plan proponent could ever attain." *In re Proud Mary Marina Corp.,* 338 B.R. 114, 123 (Bankr.M.D.Fla.2006)(citing *In re Bravo Enter. USA, LLC,* 331 B.R. 459, 474 (Bankr.M.D.Fla.2005)(internal quotations omitted)). "Basically, feasibility involves the question of the emergence of the reorganized debtor in a solvent condition and with reasonable prospects of financial stability and success." *In re Mulberry Phosphates, Inc.,* 149 B.R. 702, 708 (Bankr.M.D.Fla.1993)(quoting 5 COLLIER ON BANKRUPTCY, P 1129.02[11] at 1129–54).

While the success of the plan does not need to be guaranteed, the reviewing court should be able to glean from the totality of the circumstances a reasonable assurance of success. See *Mulberry Phosphates, Inc.,* 149 B.R. at 709; *see also Proud Mary Marina Corp.,* 338 B.R. at 123 (quoting In re *New Midland Plaza Assocs.,* 247 B.R. 877, 884 (Bankr.S.D.Fla. 2000)). "To provide such reasonable assurance, a plan must provide a realistic

and workable framework of reorganization." *Proud Mary Marina Corp.,* 338 B.R. at 123 (quoting *In re Made in Detroit, Inc.,* 299 B.R. 170, 176 (Bankr. E.D.Mich.2003)).

In determining if a plan is feasible, a court can consider such factors as the earning power of the business, its capital structure, and economic conditions. *In re Sovereign Oil Co.,* 128 B.R. 585, 586 (Bankr.M.D.Fla.1991)(citing *In re Clarkson,* 767 F.2d 417 (8th Cir.1985)). In addition, past performance of the debtor can add clarity to a plan's feasibility. *See id.* at 587; *see also In re Malkus,* 2004 WL 3202212, at *4, 2004 Bankr.LEXIS 2120, at *10 (Bankr.M.D.Fla. November 12, 2004)("A debtor's past performance is one of the most important measures of whether a debtor's plan will succeed."). Testimony of the debtor is, of course, another source of evidence that can aid the court in deciding whether a plan is feasible.

Mazak argues that JRV's past performance indicates that its Plan is not feasible. Vass admitted in testimony that JRV's cash available to fund its Plan was $107,000 less than what JRV had projected it would need. (T. at 22.) According to additional testimony of Vass, the "[d]ramatic decrease in payroll" is one of the largest cost-saving measures JRV has employed in order to decrease expenses. (T. at 12.) Thus, JRV's sole shareholder and president is not taking a salary in order to help JRV make its anticipated Plan payments.

The Court finds that JRV's past performance indicates that over the past year and a half JRV has been unstable. At the March Hearing, the evidence presented by JRV was not corroborated by a certified public accountant or other credible source to verify the accuracy of JRV's cash flow. Furthermore, Vass, the sole shareholder

and president, is not even taking a salary, which suggests desperate measures to ensure survival of the company. And lastly, the Court does not find Vass credible in his testimony.

As such, the Plan does not "provide a realistic and workable framework of reorganization." *Proud Mary Marina Corp.*, 338 B.R. at 123. Instead, the totality of the circumstances suggests that JRV does not have a reasonable assurance of success in this Chapter 11 reorganization. *See Mulberry Phosphates, Inc.*, 149 B.R. at 709. Therefore, the Court is of the opinion that JRV simply cannot emerge from this process "in a solvent condition and with reasonable prospects of financial stability and success." *Mulberry Phosphates, Inc.*, 149 B.R. at 708. Based upon the above, the Court finds JRV's plan is not feasible.

## B. *The Plan fails to Comply with § 1129(a)(3)*

 Although the Code does not specifically define good faith, courts have generally reviewed the totality of the circumstances to decide whether there is a "reasonable likelihood that the plan will achieve a result consistent with the objectives and purposes of the Code." *McCormick v. Banc One Leasing Corp. (In re McCormick)*, 49 F.3d 1524, 1526 (11th Cir. 1995); *Bravo Enter.*, 331 B.R. at 472 (citation omitted). "In finding a lack of good faith, courts have looked to whether the debtor intended to abuse the judicial process and the purposes of the reorganization provisions." *Bravo Enter.*, 331 B.R. at 472 (quoting *In re Valley View Shopping Center, L.P.*, 260 B.R. 10, 27 (Bankr.D.Kan.2001)(additional citations omitted)). Yet "[t]he focus of a court's inquiry is the plan itself, and courts must look to the totality of the circumstances surrounding the plan . . . ." *McCormick*, 49 F.3d at 1526 (citations omitted).

 The Court finds that the totality of the circumstances reveal that JRV's Plan was not filed in good faith. This case has lagged on through three confirmation hearings. While the November Hearing dealt with extraneous issues, at the January Hearing JRV was wholly unprepared to present evidence that the Plan should be confirmed. At that point in time, JRV had filed its Plan almost a year prior to that occasion, thus having given Vass plenty of time to have acquired all necessary documentation to prove why JRV's Plan should have been confirmed.

In addition, Vass testified that he is not taking a salary in order to cut JRV's expenses. Yet despite such measures, JRV was still not able to show a profit for a year-an-a-half after filing for reorganization. The Code is designed to give debtors a "reasonable opportunity to make a fresh start." *McCormick*, 49 F.3d at 1526 (citation omitted). Without its principal employee taking a salary, and considering it has been in a deficit for most of the time it has been under the protections of the Code, JRV is incapable of emerging from this process as a company able to make a fresh start. As such, a foundering company that files for reorganization, under a totality of the circumstances, has not filed its plan in good faith.

Lastly, the Court had been placed in the precarious situation of deciding the Reclassification Decision. The Court firmly believes that non-recourse deficiency claims cannot be separated from other unsecured claims, which is consonant with the majority view of circuit courts. However, utilizing the law to gerrymander the vote in order to confirm a plan that is not feasible is an abuse of the process and goes against the objectives and purposes of the Code. Based upon the above, the Court finds that

JRV did not file its Plan in good faith.[2]

## CONCLUSION

The Court finds that JRV's Plan cannot be confirmed because it does not meet all necessary requirements of § 1129(a). The Plan is not feasible because JRV does not have a reasonable assurance of success from reorganization. The Plan was not filed in good faith given the totality of the circumstances surrounding the Plan. For these reasons, the Court finds it appropriate to deny JRV's Amended Plan of Reorganization. An order in accordance with these findings of fact and conclusions of law will be separately entered.

## ORDER

This case came before the Court upon Debtor's, JRV Industries, Inc. d/b/a BRC Performance ("JRV"), Chapter 11 Amended Plan of Reorganization (the "Plan") and Objection to Confirmation ("Objection") filed by Mazak Corporation ("Mazak"). Upon Findings of Fact and Conclusions of Law separately entered, it is

**ORDERED:**

1. Confirmation for JRV will be denied.

2. The Court will conduct a hearing on June 15, 2006 at 10:30 A.M., in Courtroom 4D, United States Courthouse, 300 North Hogan Street, Jacksonville, FL 32202, to make a determination on whether to dismiss or convert the case.

---

**2.** Mazak argued that because Vass was retaining his ownership interest in JRV without adding new value, that JRV's Plan violated the absolute priority rule. However, because the unsecured class accepted the plan, § 1129(a)(8) was satisfied. As a result, the absolute priority rule can only be utilized under a § 1129(b) cramdown, which is not the case here. Because the Court has found that JRV's Plan does not meet all necessary requirements of § 1129(a), a discussion of this point is unnecessary.